*Attorney General L. Andrews* for Auditor.

*C. W. Ashford* for appellant.

# IN RE EN SYAK ASEU.

### APPEAL FROM THE AUDITOR OF THE TERRITORY.

SUBMITTED MARCH 27, 1903.          DECIDED MAY 28, 1903.

### FREAR, C.J., GALBRAITH AND PERRY, JJ.

A claimant is not entitled to a warrant for the entire amount upon a certificate from the Fire Claims Commission that a certain amount is the correct award, when the certificate also states that that amount is correct "as per record of judgments" and that it was "made subject to the interest of" another claim.

## OPINION OF THE JUSTICES BY FREAR, C. J.

This case is much like the *Colburn* case, just decided, *ante* p. 4. The Certificate sets forth: "Judgment award No. 1256, $2750. It is hereby certified that the above amount is the correct award as per record of judgments. The above award made subject to the interest of claim No. 619." From the statement of the appeal it appears that the holder of claim 619 was one Ly Keau, but what the nature of the claim was does not appear. Its amount was $11,000.

The case differs from the *Colburn* case principally in that no amount is named for claim 619. This would seem to be an additional reason for looking to the original award or records for an explanation. It may be that the Commission intended to make an award on claim 1256 only, subject, however, to the amount of 619, whatever the latter might be, and to leave it to the two claimants to have their respective interests or rights determined as between themselves in a regular court of law or equity. It may be, too, that that was the intention even though in the original record of judgments an amount was set forth in the qualifying clause. If so, it would seem that the Commission did not do its duty under the statute and ought now to proceed to adjudicate each claim. But it may be that that was not the intention. In the *Colburn* case the language "subject to the interest of" was the same, but definite amounts were set out for the respective claims. In this case the amount may have been set forth in the award and omitted inadvertently in the certificate, or it may have been omitted inadvertently in the award. If omitted in the award, that may be void for uncertainty or incompleteness; if set forth in the award (1256) either that would be void for uncertainty in not disclosing whether the amount set forth is that of the award or that of the claim 619, or, if not void for that reason, it must be considered an award to En Syak Aseu in trust, as to a part, for claimant 619, or else as constituting two separate awards.

In any event we cannot say that the certificate alone shows that this appellant was intended to have the entire amount, much less that on this certificate alone which refers to the "record of judgments" and expressly states that the award is "subject to the interest of claim 619," the Auditor was obliged to issue a warrant for the entire amount to this appellant.

Appeal dismissed.

*C. W. Ashford* for appellant.

*Attorney General L. Andrews* for Auditor.